WILLIAM A. BAEDER, Respondent, *v.* CHARLES B. BAE-
DER, Appellant.

*N. Y. Supreme Court, First Department, General Term, March, 26, 1889.*

*Injunction.*—A preliminary injunction, restraining defendants, until the
trial of the action, from selling second quality paper manufactured
by them as and for first quality paper manufactured by plaintiffs
and from branding such goods with a close imitation of plaintiff's
trade name and mark, will not be dissolved.

Appeal from New York County Special Term. An
action was brought to restrain the infringement of a trade-
mark. A preliminary injunction was granted, restraining
the defendants from selling the goods manufactured by
themselves as and for the goods manufactured by the plaint-
iffs, and from using, printing or stamping on any flint or
sand-paper manufactured by them, or on the packages, or
coverings thereof, the words, "Baeder's Flint Paper," or
any words having such a resemblance to the words adopted
by these plaintiffs as their business name and trade-mark
and means of describing the first quality flint-paper manu-
factured by them, to wit: Baeder's Flint Paper Company,
New York Flint Paper."

*John E. Parsons,* for appellants.

*Mason W. Tyler,* for respondents.

MACOMBER, J.—The affidavits show that large sums of
money have been expended by the plaintiffs in establishing
the reputation of their flint paper, and that they have
adopted for that purpose as a trade-mark the words, "The
Baeder Flint Paper Company, New York." Their first
quality of flint paper bears the uniform stamp or mark of
"Baeder's Flint Paper Company, Flint Paper," and is well

recognized in the market as paper of first quality and of established reputation.

The defendants also manufacture flint paper in the city of Philadelphia, under the name of Baeder, Adamson & Company. It is shown that there is a practice prevalent among manufacturers to brand the first quality of their paper with the firm name, and thus identify themselves with such superior products, while the second quality of flint paper commonly bears a different designation, such as Star paper, and the like. Some time prior to the month of March, 1888, the defendants, Baeder, Adamson & Company, had marked their second rate paper as flint paper, manufactured at Riverside Flint Paper Mills, Philadelphia, with the cut of a star under the words " flint paper." At or about the last mentioned time, they changed such designation of their second class paper so it should read as follows : " Baeder's Flint Paper * Manufactured at Riverside Flint Paper mills, Philadelphia, No. 1, warranted."

It is asserted on the part of the plaintiffs, and the affidavits in their behalf support such contention, that this close imitation of the plaintiffs' trade name and their mark upon their goods was adopted for the purpose of deceiving the public and turning off upon purchasers a second class paper which should appear to have been made by the plaintiffs themselves as their first-class paper.

This is the view taken by the learned judge at the special term in denying the motion to dissolve the injunction. A perusal of the affidavits satisfies us that a proper case was made by the plaintiffs to restrain the defendants in conducting their business in the manner as is above enjoined until the trial of the action.

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, Ch. J., and BRADY, J., concur.